IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH P. SERO,** | : | **CIVIL NO. 1:CV-11-00841** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **COURT OF COMMON PLEAS,** | : | |
| Respondent | : | |

### **M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner Joseph P. Sero, an inmate presently confined at the State Correctional Institution at Fayette in LaBelle, Pennsylvania ("SCI-Fayette"). (Doc. 1.) Named as Respondent is the Court of Common Pleas of Dauphin County, Pennsylvania, and Pennsylvania's Attorney General.[1] In his petition, Petitioner challenges his 1976 state sentence in the Dauphin County court. For the reasons that follow, the petition will be dismissed as a successive petition under 28 U.S.C. § 2244(b).

### **I.    Background**

The instant petition stems from Petitioner's 1976 state sentence on his 1975 conviction for one count of murder of the first degree, *see* 18 PA. CONS. STAT.

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. *See* 28 U.S.C. § 2242. The SCI-Fayette Superintendent is Petitioner's custodial official for purposes of § 2242.

§ 2502(a). Specifically, on September 3, 1976, following the denial of post-verdict motions, Sero was sentenced to a term of life imprisonment. The procedural history of this case is extensive. As such, the court will recite only the procedural history relevant to the instant petition.[2]

In June, 1978, following the exhaustion of his direct appeal, Sero filed a *pro se* petition for relief under the since-repealed Post-Conviction Hearing Act ("PCHA"). *See Sero v. Warden*, Civ. No. 07-1530 (M.D. Pa. July 17, 2008). On July 18, 1978, Sero, represented by counsel, filed a supplemental petition for relief under the PCHA. (*Id.*) By order dated July 28, 1978, the trial court judge denied PCHA relief for the reasons stated in the Commonwealth's answer to the PCHA petition. (*Id.*) On July 5, 1979, the Pennsylvania Supreme Court affirmed the trial court's order denying PCHA relief. (*Id.*)

On July 30, 1979, Sero filed a petition for writ of habeas corpus ("first petition") with this court pursuant to the provisions of 28 U.S.C. §2254, which was docketed at Civil No. 79-971. (*Id.*) On January 31, 1980, following review of Sero's petition, the Honorable Joseph G. Quinn, United States Magistrate Judge, issued a Report of Magistrate recommending dismissal of the first petition. (*Id.*) On February 29, 1980, the Honorable Richard P. Conaboy adopted the Report and dismissed the first petition. (*Id.*)

---

[2] The court takes judicial notice of the procedural history set forth in Sero's third habeas petition, docketed at Civil No. 07-1530.

On February 17, 1988, Sero filed a second petition for writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254 ("second petition") which was docketed at Civil No. 88-0248. (*Id*.)  On April 21, 1988, the second petition was dismissed by Judge Conaboy on the basis that it was a second or successive petition pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). (*Id*.)  By order dated November 30, 1988, the United States Court of Appeals denied a petition for certificate of probable cause. (*Id*.)  On January 11, 1989, the Third Circuit Court of Appeals denied a petition for rehearing *en banc*. (*Id*.)

On November 6, 1995, Sero filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541 *et seq*. ("first PCRA petition"). (*Id*.)  On December 5, 1996, the PCRA court denied the first PCRA petition. (*Id*.)  Sero appealed to the Pennsylvania Superior Court, and on October 21, 1988, the PCRA court's order was affirmed. (*Id*.)  On March 29, 1999, the Pennsylvania Supreme Court denied Sero's petition for allowance of appeal. (*Id*.)

On January 25, 2006, Sero filed a second petition for relief under the PCRA ("second PCRA petition"). (*Id*.)  On July 7, 2006, the PCRA court dismissed the second PCRA petition as untimely. (*Id*.)  Sero appealed to the Pennsylvania Superior Court, and on March 26, 2007, the Superior Court affirmed the order of the PCRA court. (*Id*.)  On July 30, 2007, the Pennsylvania Supreme Court denied

Sero's petition for allowance of appeal. (*Id.*)

On August 20, 2007, Sero filed a third petition for writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254 ("third petition") which was docketed at Civil No. 07-1530. On July 17, 2008, the third petition was dismissed by this court on the basis that it was untimely. (*Id.*) By order dated May 21, 2009, the Third Circuit Court of Appeals dismissed Sero's appeal. (*Id.*)

Sero filed the instant petition for writ of habeas corpus on May 3, 2011. (Doc. 1.) In the petition, Sero claims that the sentencing court did not have jurisdiction to sentence him to a term of life imprisonment. He further claims that counsel was ineffective for failing to object to the imposition of his life sentence.

## II.    Discussion

Habeas corpus petitions brought under § 2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). A court must summarily dismiss a petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rules Governing Section 2254 Cases, Rule 4; 28 U.S.C. § 2243; *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking

in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." *Allen*, 424 F.2d at 141.

The pertinent authority for dismissing successive habeas petitions is found in 28 U.S.C. § 2244(b) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). 28 U.S.C. § 2244(b) generally forbids a litigant from filing a § 2254 petition if that litigant had at least one prior § 2254 petition that was dismissed with prejudice. *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)").

Prior to the 1996 amendments, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition "that present[ed] no new ground not theretofore presented and determined." *McClesky v. Zant*, 499 U.S. 467, 483 (1991). Section 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

28 U.S.C. § 2244 (1964 ed.).

5

In *McClesky*, the United States Supreme Court expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

499 U.S. at 489.

Following the 1996 amendments, § 2244(b) now provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>   (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

In the instant case, Sero has clearly filed prior § 2254 actions with this court regarding the same Dauphin County conviction that is the subject of the pending

action. The pending matter includes the same arguments that have been previously addressed in earlier petitions. Thus, the instant petition is a "second or successive" petition because Sero's claim is similar in all respects to the arguments raised in his earlier petitions.

Further, there is no indication that Sero applied for and was granted leave to file a second or successive habeas corpus petition by the Third Circuit Court of Appeals. Under the requirements set forth in U.S.C. § 2244(b), the instant petition cannot be entertained by the court. Thus, the habeas petition will be dismissed.

An appropriate order will issue.

                                                           s/Sylvia H. Rambo
                                              United States District Judge

Dated: May 25, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH P. SERO,** | : | **CIVIL NO. 1:CV-11-00841** |
| **Petitioner** | : | **(Judge Rambo)** |
| v. | : | |
| **COURT OF COMMON PLEAS,** | : | |
| **Respondent** | : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as a second or successive petition under 28 U.S.C. § 2244(b).

2) The Clerk of Court is directed to **CLOSE** this case.

          s/Sylvia H. Rambo
          United States District Judge

Dated: May 25, 2011.